MICHAEL FAILLACE [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOSE SANAICELA LEMACHE, *individually and on*
*behalf of others similarly situated,*

*Plaintiff,*

-against-

TUNNEL TAXI MANAGEMENT, LLC,
MILLENNIUM TAXIMETER CORP., SKILMAN
CONSULTING CORP., TAXOPARK GARAGE
INC., EVGENY A. FRIEDMAN, and MAMED
DZHANIYEV

*Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

---------------------------------------------------------------X

   Plaintiff Jose Sanaicela Lemache ("Plaintiff Sanaicela" or "Mr. Sanaicela"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants Tunnel Taxi

Management, LLC, Millennium Taximeter Corp., Skilman Consulting Corp., and Taxopark

Garage Inc., ("Defendant Corporations"), Evgeny A. Friedman, and Mamed Dzhaniyev

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

  1.  Plaintiff Sanaicela is a former employee of Defendants.

  2.  Defendants Evgeny A. Friedman and Mamed Dzhaniyev own taxi mechanic

shops located at 4407 Vernon Blvd, Queens, New York 11101 ("hereinafter Vernon Blvd

1

location") under the name "Tunnel Taxi Garage," at 4913 Roosevelt Avenue, Queens, New York 11377 (hereinafter "Roosevelt Avenue location") under the name "Good Side Taxi Garage," and at 330 Butler St, Brooklyn, NY 11217 (hereinafter "Brooklyn location") under the name "Taxi Garage".

3.     Upon information and belief, Defendants Evgeny A. Friedman and Mamed Dzhaniyev serve or served as owners, manager, principals or agents of Defendant Corporations and through these corporate entities operate or operated taxi mechanic shops as a joint or unified enterprise.

4.     Plaintiff Sanaicela worked long days in the taxi mechanic shops in Queens where he performed the duties of a mechanic.

5.     Plaintiff Sanaicela regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 in a week.

6.     Rather, at all relevant times, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Sanaicela the additional overtime premium for any hours worked over 40.

7.     Defendants' conduct extended beyond Plaintiff Sanaicela to all other similarly situated employees.

8.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanaicela and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

9.      Plaintiff Sanaicela now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

10.     Plaintiff Sanaicela seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sanaicela's state law claims is conferred by 28 U.S.C. § 1367(a).

12.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Sanaicela was employed by Defendants in this district.

## PARTIES

13.     Plaintiff Jose Sanaicela Lemache ("Plaintiff Sanaicela" or "Mr. Sanaicela") is an adult individual residing in Queens County, New York. Plaintiff Sanaicela was employed by Defendants from approximately June 2010 until on or about September 2011 at the Brooklyn location, from approximately September 2011 until on or about September 14, 2017 at the

Vernon Blvd location, and from approximately September 15, 2017 until on or about October 6, 2017 at the Roosevelt Avenue location.

14.    At all relevant times to this complaint, Plaintiff Sanaicela was employed by Defendants as a mechanic at the taxi mechanic shop locations.

15.    Plaintiff Sanaicela consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.    Defendants own, operate and/or control a chain of taxi mechanic shops, the relevant which are located in Queens and Brooklyn, under the names "Tunnel Taxi Garage," "Good Side Taxi Garage," and "Taxi Garage."

17.    Upon information and belief, Defendant Tunnel Taxi Management LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 44-07 Vernon Blvd, Queens, New York 11101 and its service of process address at 25 East 86th Street Apt. 9F, New York, NY, 10028.

18.    Upon information and belief, Defendant Millenium Taximeter Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 48-02 Van Dam Street, Long Island City, New York, 11101.

19.    Upon information and belief, Defendant Skilman Consulting Corp., ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 43-05 Vernon Blvd Long Island City, New York 11101 and its service of process address at 25 East 86th Street Apt. 9F, New York, NY, 10028.

20.     Upon information and belief, Defendant Taxopark Garage Inc., ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 49-13 Roosevelt Avenue, Flushing, New York 11377 and its service of process address at 25 East 86th Street Apt. 9F, New York, NY, 10028.

21.     Defendant Evgeny A. Friedman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Evgeny A. Friedman is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

22.     Defendant Evgeny A. Friedman possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Evgeny A. Friedman determined the wages and compensation of the employees of Defendants, including Plaintiff Sanaicela, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Mamed Dzhaniyev is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mamed Dzhaniyev is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

24.     Defendant Mamed Dzhaniyev possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Mamed Dzhaniyev determined the wages and compensation of the employees of Defendants, including Plaintiff Sanaicela, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate taxi mechanic shops located in Queens and Brooklyn under the names Tunnel Taxi Garage, Good Side Taxi Garage, and Taxi Garage.

26.      Individual Defendants Evgeny A. Friedman and Mamed Dzhaniyev possess operational control over Defendant Corporations; possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Sanaicela's  (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanaicela, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Sanaicela, and all similarly situated individuals, and are Plaintiff Sanaicela's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Sanaicela and/or similarly situated individuals.

31.     Upon information and belief, individual Defendants Evgeny A. Friedman and Mamed Dzhaniyev operate Defendant corporations as either alter egos of themselves, and/or fail to operate Defendant corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant corporations;

(g)     diminishing and/or transferring assets of Defendant corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

7

32.     At all relevant times, Defendants were Plaintiff Sanaicela's employers within the meaning of the FLSA and NYLL.

33.     Defendants had the power to hire and fire Plaintiff Sanaicela, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Sanaicela's services.

34.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the taxi mechanic shops on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Sanaicela is a former employee of Defendants, primarily employed in performing the duties of mechanic at the taxi mechanic shops.

37.     Plaintiff Sanaicela seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Sanaicela Lemache*

38.     Plaintiff Sanaicela was employed by Defendants from approximately June 2010 until on or about September 2011 at the Brooklyn location, from approximately September 2011 until on or about September 14, 2017 at the Vernon Blvd location, and from approximately September 15, 2017 until on or about October 6, 2017 at the Roosevelt Avenue location.

39.     Plaintiff Sanaicela was employed by Defendants as a mechanic.

40.    Plaintiff Sanaicela regularly handled goods in interstate commerce, such as tools and other supplies necessary to perform his duties as a mechanic.

41.    Plaintiff Sanaicela's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Sanaicela regularly worked in excess of 40 hours per week.

43.    From approximately October 2011 until on or about January 2016, Plaintiff Sanaicela worked at the Vernon Blvd location from approximately 10:00 p.m. until on or about 8:00 a.m. Sundays through Fridays (typically 60 hours per week).

44.    From approximately January 2016 until on or about April 2, 2017, Plaintiff Sanaicela worked at the Vernon Blvd location from approximately 10:00 p.m. until on or about 8:00 a.m. Sundays through Thursdays (typically 50 hours per week).

45.    From approximately September 15, 2017 until on or about September 28, 2017, Plaintiff Sanaicela worked at the Roosevelt Avenue location from approximately 8:00 p.m. until on or about 6:00 a.m. Mondays through Sundays (typically 70 hours per week).

46.    From approximately September 29, 2017 until on or about October 6, 2017, Plaintiff Sanaicela worked at the Roosevelt Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 50 hours per week).

47.    Throughout his employment, defendants paid Plaintiff Sanaicela his wages in a combination of check and cash.

48.    From approximately October 2011 until on or about June 2012, defendants paid Plaintiff Sanaicela a fixed salary of $750 per week on a biweekly basis.

49.     From approximately June 2012 until on or about January 2016 defendants paid Plaintiff Sanaicela a fixed salary of $800.00 per week on a biweekly basis.

50.     From approximately January 2016 until on or about April 2, 2017 defendants paid Plaintiff Sanaicela a fixed salary of $666.50 per week on a biweekly basis.

51.      From approximately September 15, 2017 until on or about September 22, 2017 defendants paid Plaintiff Sanaicela $895.98 by check.

52.     However, Plaintiff Sanaicela was not paid any wages for his work from approximately September 23, 2017 until on or about October 6, 2017.

53.     However, on numerous occasions, defendants mistakenly failed to pay Plaintiff Sanaicela all the wages he was owed, and they reimbursed  the unpaid wages on a later date either in cash or added to a future paycheck.

54.     In addition, on several occasions, Plaintiff Sanaicela's pay checks bounced and as a result, he was charged for the returned check fees.

55.     From approximately October 2011 until on or about April 2, 2017, defendants failed to grant Plaintiff Sanaicela any meal breaks or rest periods of any kind.

56.     From approximately September 15, 2017 until on or about October 6, 2017, Plaintiff Sanaicela was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

57.     Defendants did not provide Plaintiff Sanaicela with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

58.     Defendants did not provide Plaintiff Sanaicela with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

59.     Instead, every week defendants would pay Plaintiff Sanaicela a check, which did not specify the number of hours he had worked.

60.     Defendants never provided Plaintiff Sanaicela with a written notice, in English and in Spanish (Plaintiff Sanaicela's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Sanaicela to purchase "tools of the trade" with his own funds—including three pairs of gloves each week of his employment and a scantool.

*Defendants' General Employment Practices*

62.     Defendants regularly required Plaintiff Sanaicela to work in excess of forty (40) hours per week without paying him the proper overtime compensation.

63.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanaicela and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation required by federal and state laws.

64.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sanaicela by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

65.     Plaintiff Sanaicela was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

66.     Defendants paid Plaintiff Sanaicela his wages in a combination of check and cash.

67.     Defendants failed to provide Plaintiff Sanaicela with accurate wage statements, which showed the number of hours he worked each week.

68.     Defendants did not provide Plaintiff Sanaicela with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sanaicela's relative lack of sophistication in wage and hour laws.

69.     By employing these practices, Defendants avoided paying Plaintiff Sanaicela at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanaicela (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanaicela properly for the additional overtime compensation due.

71.     Defendants failed to provide Plaintiff Sanaicela and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the  number  of overtime  hours  worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Sanaicela and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof, whether paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names  used  by the employer; the physical address of the employer's main office or principal place of business,  and  a  mailing address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.     Plaintiff Sanaicela brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

74.     At all relevant times, Plaintiff Sanaicela and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

75.     The claims of Plaintiff Sanaicela stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

76.     Plaintiff Sanaicela repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Sanaicela's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sanaicela (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

78.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.     Defendants, in violation of the FLSA, failed to pay Plaintiff Sanaicela (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81.     Defendants' failure to pay Plaintiff Sanaicela (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Sanaicela (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE**
**LABOR LAWS)**

83.   Plaintiff Sanaicela repeats and realleges all paragraphs above as though fully set forth herein.

84.   At all times relevant to this action, Defendants were Plaintiff Sanaicela's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Sanaicela (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

85.   Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Sanaicela (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

86.   Defendants' failure to pay Plaintiff Sanaicela (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiff Sanaicela (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

88.   Plaintiff Sanaicela repeats and realleges all paragraphs above as though fully set forth herein.

15

89.     Defendants failed to provide Plaintiff Sanaicela with a written notice, in English and in Spanish (Plaintiff Sanaicela's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90.     Defendants are liable to Plaintiff Sanaicela in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

91.     Plaintiff Sanaicela repeats and realleges all paragraphs above as though set forth fully herein.

92.     Defendants did not provide Plaintiff Sanaicela with wage statements upon each payment of wages, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Sanaicela in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

94.     Plaintiff Sanaicela repeats and realleges all paragraphs above as though set forth fully herein.

95.     Defendants required Plaintiff Sanaicela to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as gloves, further reducing his wage in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

96.     Plaintiff Sanaicela was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanaicela respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanaicela and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanaicela and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sanaicela and the FLSA class members;

(e)     Awarding Plaintiff Sanaicela  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any unpaid wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sanaicela and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any unpaid wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Sanaicela  and the members of the FLSA Class;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sanaicela's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Awarding Plaintiff Sanaicela and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j)     Awarding Plaintiff Sanaicela damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiff Sanaicela and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l)     Awarding Plaintiff Sanaicela and the FLSA class members pre-judgment and post-judgment interest as applicable;

(m)      Awarding Plaintiff Sanaicela and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Sanaicela demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 17, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

19

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Sanaicela Lemache

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      10 de octubre de 2017